IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE D. THOMPSON,

    Petitioner,                    No. CIV-S-09-2760 WBS CKD P

    vs.

JOHN W. HAVILAND, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

         Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. He is serving a sentence of life imprisonment with the possibility of parole entered on a 1980 San Diego County conviction for first degree murder. Petitioner presents four claims which all are related to the fact that petitioner was denied parole in 2008.

I. Standard For § 2254 Relief

         An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

1

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S.

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 127 S. Ct. 2321, 2326-27 (2007).

919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law.  "Clearly established" federal law is that determined by the Supreme Court.  Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law.  Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

II.  Claim One

Petitioner asserts he was denied due process in violation of the Fourteenth Amendment by the decision to deny him parole in 2008 because the decision to deny him parole is not supported by any evidence indicating, upon release, petitioner poses a threat of danger to the public.  The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

1   A protected liberty interest may arise from either the Due Process Clause of the
2  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
3  expectation or interest created by state laws or policies." <u>Wilkinson v. Austin</u>, 545 U.S. 209,
4  221 (2005) (citations omitted). The United States Constitution does not, of its own force, create
5  a protected liberty interest in a parole date, even one that has been set. <u>Jago v. Van Curen</u>, 454
6  U.S. 14, 17-21 (1981); <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no
7  constitutional or inherent right of a convicted person to be conditionally released before the
8  expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory
9  language, 'creates a presumption that parole release will be granted' when or unless certain
10 designated findings are made, and thereby gives rise to a constitutional liberty interest."
11 <u>Greenholtz</u>, 442 U.S. at 12.

12   California's parole statutes give rise to a liberty interest in parole protected by the
13 federal due process clause. <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 861 (2011) (per curiam). In
14 California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her
15 current dangerousness. <u>In re Lawrence</u>, 44 Cal.4th 1181, 1205-06, 1210 (2008); <u>In re</u>
16 <u>Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002). However, in <u>Swarthout</u> the United States Supreme
17 Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule
18 into a substantive federal requirement." <u>Swarthout</u>, 131 S. Ct. at 862. In other words, the Court
19 specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment
20 for insufficiency of evidence presented at a parole proceeding. <u>Id</u>. at 863. Rather, the protection
21 afforded by the federal due process clause to California parole decisions consists solely of the
22 "minimal" procedural requirements set forth in <u>Greenholtz</u>, specifically "an opportunity to be
23 heard and . . . a statement of the reasons why parole was denied." <u>Id</u>. at 862.

24   Here, the record reflects that petitioner was present at his 2008 parole hearing, he
25 was given an opportunity to be heard throughout his hearing, and was provided with the reasons
26 for the decision to deny parole. Pet. at 56-104. According to the United States Supreme Court,

4

the Due Process Clause requires no more.  For these reasons, petitioner's denial of federal due process claim must be rejected.

III. Claim Two

In his second claim, petitioner asserts the several of his rights arising under state law have been violated.  However, as indicated above, a writ of habeas corpus under 28 U.S.C. § 2254 can only be granted for a violation of federal law.  28 U.S.C. § 2254(a).  Petitioner does assert that the amount of time he has served in prison, approximately twenty-nine years when his habeas petition was filed, constitutes cruel and unusual punishment in violation of the Eighth Amendment.  However, plaintiff fails to point to anything suggesting he has a right arising under the Eighth Amendment to be paroled at any point while serving a lawfully imposed indeterminate sentence.  The Eighth Amendment does require that a sentence not be grossly disproportionate to the crime committed.  Ewing v. California, 538 U.S. 11, 23-24 (2003).  But, that principle applies to the imposition of the sentence, not whether or when an inmate should be paroled.  For all of these reasons, petitioner's second claim should be rejected.

III. Claim Three

In claim three, petitioner again challenges the evidence relied upon by the panel at his 2008 parole hearing to deny him parole.  For reasons stated in section II. above, petitioner has no federal claim concerning the sufficiency of the evidence presented at his parole hearing.

IV. Claim Four

Finally, petitioner asserts the decision to deny petitioner parole must be overturned because the hearing panel relied on a "erroneous psychological evaluation."  This is another challenge to the sufficiency of the evidence presented at petitioner's parole hearing and such challenges do not amount to actionable federal habeas claims.

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

/////

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3   one days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner
6   may address whether a certificate of appealability should issue in the event he files an appeal of
7   the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district
8   court must issue or deny a certificate of appealability when it enters a final order adverse to the
9   applicant).  Any reply to the objections shall be served and filed within fourteen days after
10  service of the objections.  The parties are advised that failure to file objections within the
11  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
12  F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[1] thom2760.157